UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | Civil Action No: 4:09-cv-675-RBH |
| TOBACCOVILLE USA, INCORPORATED | ) | |
| AND J&E DISTRIBUTORS, INC. | ) | **ORDER** |
| 1318 EAST BOBO NEWSOME HIGHWAY | ) | |
| HARTSVILLE, SOUTH CAROLINA | ) | |

Pending before the court is Seneca of Carolina LLC and Southern Seneca Distributors' (collectively referred to as "Seneca") [Docket Entry #6] motion for return of property under Federal Rule of Criminal Procedure 41(g), which was joined by interested parties Michael June and J.J. June (collectively referred to as "the Junes") [Docket Entry #12]. Tobaccovillie USA, Incorporated also filed a motion for return of property under Rule 41(g) [Docket Entry #22], which the Junes also joined.

Seneca's Motion

Seneca and the Junes seek the return of their property seized during the execution of a federal search warrant on January 13, 2009. The search warrant was executed at 1318 East Bobo Newsome Highway, Hartsville, South Carolina. The search warrant specifically described the premises to be searched as follows:

> Tobaccoville USA Incorporated and J&E Distributors Incorporated
> 1318 East Bobo Newsome Highway
> Hartsville, South Carolina
>
> Description: Brick and metal construction industrial business
>
> From the traffic light at the southernmost intersection of South
> Carolina state Highway (SC) 151 with SC 151 business, travel EAST
> on SC 151 (Bobo Newsome Highway) for approximately 0.9 mile.
> Turn left (NORTH) onto a gravel drive next to two (2) black
> mailboxes, one (1) of which is marked "1318". This gravel drive is
> approximately 100 yards past the intersection of Bethel Rd (on the
> south side of Bobo Newsome) Just past the drive and on the same

side of the road (north) is a sign with "Tobaccoville USA, Inc." and "SENECA" written on the sign. Proceed NORTH on the gravel drive for approximately 200 yards to the first building on the right (east) side of the drive. This building appears to be metal-sided, with a brick front. There are no other buildings accessible on the east side of the drive. The building and an accompanying parking lot are bounded by a black chain-link fence. The fence has two (2) gates on its west side, one is on the south end and the other on the north end. Turn EAST and enter either gate. The building is straight ahead, across the parking lot.

Seneca, Tobaccoville USA, J&E Distributors, and the Junes all operate out of the premises described above. The parties stipulated at the hearing on this matter that there were no signs on the outside of the building, nor on the inside indicating separate offices for Seneca, Tobaccoville USA, J&E Distributors, or the Junes. Seneca, however, claims that it constitutes a separate legal entity and operates a separate business from Tobaccoville USA and J&E Distributors. Seneca claims that federal agents wrongfully seized their business records when the agents executed the search warrant and seized certain records from their offices located at 1318 East Bobo Newsome Highway.

Seneca and the Junes contend that they are entitled to a return of their property under Rule 41(g) because they were subjected to an unlawful search and seizure. Alternatively, Seneca contends that it is entitled to a return of its property under Rule 41(g) because the deprivation of its important business records will cause them to suffer irreparable harm.

Rule 41(g) provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property

2

to the movant, but may impose reasonable conditions to protect access
to the property and its use in later proceedings.

As to the lawfulness of the search and seizure, Seneca and the Junes argue that they were not identified on the face of the warrant, that the search warrant did not satisfy the Fourth Amendment's particularity requirement and resulted in an overbroad general warrant violative of the Fourth Amendment.  These arguments fail.

The Fourth Amendment requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a particular description of the place to be searched and the persons or things to be seized, and (3) be based upon probable cause, supported by Oath or affirmation. *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994).  The particularity requirement of the Fourth Amendment is directed at the warrant as opposed to the supporting affidavit. *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 274 (4th Cir. 2004).  The test for the necessary particularity is a pragmatic one. *United States v. Ladd*, 704 F.2d 134, 136 (4th Cir. 1983). The specificity required for a warrant varies with the circumstances within a "practical margin of flexibility." *United States v. Torch*, 609 F.2d 1088, 1090 (4th Cir. 1979).  The scope of any search under a search warrant is, therefore, limited and the officers may not "grossly exceed the scope of a search warrant" in seizing evidence pursuant to that warrant. *United States v. Uzenski*, 434 F.3d 690, 705-06 (4th Cir. 2006).  However, "a search warrant is not to be assessed in a hypertechnical manner." *United States v. Srivastava*, 540 F.3d 277, 289 (4th Cir. 2008).  The reviewing court must use a plain, common sense reading of the terms of the warrant. *See Srivastava*, 540 F.3d at 289-90.

3

In this case, the particularity requirement of the Fourth Amendment was satisfied and the agents did not exceed the scope of the warrant. The warrant described the specific building that was to be searched with sufficient particularity. The building itself had no signs on the outside or inside designating separate offices or distinguishing Seneca, the Junes, Tobaccoville USA, or J&E Distributors. The Attachment "A" further describes the "building" to be searched. "The building appears to be metal sided with a brick front" and is located at 1318 East Bobo Newsome Highway, Hartsville, South Carolina. There was no evidence offered to suggest there were divisions of 1318 East Bobo Newsome Highway, such as 1318-A or 1318-B, etc., which might be indicative of other businesses at the address. The government argues that, as noted by the Eighth Circuit, "[w]hen a warrant specifically mentions certain structures, it authorizes the search of those structures and any other property not noticeably separated from them." *United States v. Nichols*, 344 F.3d 793, 797 (8th Cir. 2003).

While apparently individuals associated with Seneca advised the agents that they were separate entities apart from Tobaccoville USA and J&E Distributors, Seneca and the Junes were not noticeably separated from the premises of Tobaccoville USA and J&E Distributors by any signs or outward appearance to in any way distinguish them from Tobaccoville USA and J&E Distributors. With no such visible distinctions, the agents had an objectively reasonable basis on which to conclude that these offices were all part of the area and premises to be searched and the warrant authorized a search of the entire building. *See United States v. Owens*, 848 F.2d 462, 466 (4th Cir. 1988); *accord, Maryland v. Garrison*, 480 U.S. 79 (1987).

As to whether Seneca will be harmed by the deprivation of their business records, the court is not satisfied that Seneca would be sufficiently harmed by the deprivation of their

4

original business records.  The government has indicated, at the TRO hearing and at the hearing on the pending motion, that it was willing to provide Seneca with copies of the seized documents and/or original documents where the government did not need the original for its pending criminal investigation.  Furthermore, from what was stated by counsel at the hearing, there appears to be some confusion as to which documents have been returned and which have not, and which lawyer accepted records on behalf of Seneca.  Clearly, the government has made some attempt to return some records.  The government has indicated throughout these proceedings that it would return the original records to Seneca unless it needed them for evidence, otherwise, it would provide a copy of the record.  It is still willing to do so.  While the records are in Knoxville, Tennessee, Knoxville is within a ½ days travel from Columbia, where counsel for Seneca practices.  It is not an unreasonable distance to travel to review business records, which Seneca claims are so vital for their continued operation.  Accordingly, the government and counsel for Seneca are ordered to confer and determine a mutually convenient time to view and designate which records are needed for the operation of Seneca's business.  The government shall then copy the records designated by Seneca and produce them, or produce originals which the government determines it does not need.

For the reasons stated above, the court **DENIES** Seneca's [Docket Entry #6] motion for return of property under Federal Rule of Criminal Procedure 41(g); and **DENIES** the Junes' motion [Docket Entry #12].

Tobaccoville USA's motion[1]

During the execution of the search warrant discussed above, agents seized approximately $1.36 million in United States Currency from a safe located on the premises. The $1.36 million in United States Currency is currently the subject of administrative forfeiture proceedings in the Eastern District of Tennessee. Tobaccoville USA and the Junes seek the return of the money under Rule 41(g) claiming that the money was their legitimate property and there was no probable cause to seize the money. The government responds arguing simply that once civil or administrative forfeiture proceedings have been commenced, claimants have an adequate remedy at law through the forfeiture proceedings, and the court should not exercise jurisdiction over a Rule 41(g) motion to return property. Tobaccoville USA and the Junes now claim that the forfeiture proceedings are procedurally deficient because they did not receive notice of the preliminary administrative forfeiture proceeding. As a result, they contend the ongoing forfeiture proceedings in Tennessee should not deprive this court of jurisdiction. Tobaccoville USA also argues that the civil forfeiture proceeding does not provide it with an adequate remedy at law contending that it will suffer irreparable harm due to the amount of time it will be deprived of its property.

Whether the government provided adequate notice to interested parties of the administrative forfeiture of the currency seized is determined under the standard set forth by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See United States v. Minor*, 228 F.3d 352, 358 (4th Cir. 2000). The notice must be

---

[1]    J&E Distributors had originally joined Tobaccoville USA's motion, but they withdrew as a party to the motion at the hearing.

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane*, 339 U.S. at 314.  In this case, notice of the administrative forfeiture proceeding was sent by certified mail, return receipt requested, to J&E Distributors, Inc. at 1318 East Bobo Newsome Highway, Hartsville, South Carolina, which is the same address as Tobaccoville USA and the Junes.  The government represented that J&E Distributors had in fact submitted a claim from Larry Phillips, who was the president of J&E Distributors and also the president and registered agent for Tobaccoville USA.  Counsel for the parties at the hearing did not appear to dispute this.  Tobaccoville USA's counsel stated "when the forfeiture proceeding was filed against J&E in Tennessee, we filed a response to that and asserted a possessory interest in that money, not ownership, but just a possessory interest." Similarly, the Junes' counsel stated "we, out of an abundance of caution, indicated we had a possessory interest."  Accordingly, it appears that the notice sent was adequate under *Mullane*, as both Tobaccoville USA and the Junes were aware of it.

Once the government commences a forfeiture proceeding, the district court loses jurisdiction over the Rule 41(g) motion. *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) (cited with approval in *Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997)).  "Ordinarily once an administrative forfeiture proceeding has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant then has an adequate remedy at law." Wright, King & Klein, Federal Practice and Procedure, Criminal 3d § 673.  Rule 41(g) is an equitable remedy that may only be used when the movant lacks an adequate remedy at law.  The court is not

satisfied that Tobaccoville USA and the Junes do not have an adequate remedy at law through participation in the forfeiture proceeding.

The court, therefore, declines to exercise jurisdiction over Tobaccoville USA's [Docket Entry #22] Rule 41(g) motion.[2]

**IT IS SO ORDERED**.


April 10, 2009                                              s/ R. Bryan Harwell
Florence, SC                                                R. Bryan Harwell
                                                            United States District Judge

---

[2]    Assuming the court had exercised jurisdiction, based on a review of the sealed search warrant affidavit and information submitted, the court likely would have found that probable cause existed.

8